UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KASEY J. TIMMONS,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration[1],<br><br>                    Defendant. | NO:  12-CV-0147-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 15, 17).  Plaintiff is represented by Maureen J. Rosette.

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

Defendant is represented by Leisa A. Wolf.  The Court has reviewed the

administrative record and the parties' completed briefing and is fully informed.

There being no reason to delay a decision, the hearing set for February 7, 2014, is

vacated and this matter is submitted without oral argument.  For the reasons

discussed below, the Court grants Defendant's motion and denies Plaintiff's

motion.

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

limited: the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error."  *Hill v. Astrue*, 688 F.3d 1144,

1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means

relevant evidence that "a reasonable mind might accept as adequate to support a

conclusion."  *Id.* (quotation and citation omitted).  Stated differently, substantial

evidence equates to "more than a mere scintilla[,] but less than a preponderance."

*Id.* (quotation and citation omitted).  In determining whether this standard has been

1    satisfied, a reviewing court must consider the entire record as a whole rather than

2    searching for supporting evidence in isolation.  *Id.*

3        In reviewing a denial of benefits, a district court may not substitute its

4    judgment for that of the Commissioner.  If the evidence in the record "is

5    susceptible to more than one rational interpretation, [the court] must uphold the

6    ALJ's findings if they are supported by inferences reasonably drawn from the

7    record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

8    court "may not reverse an ALJ's decision on account of an error that is harmless."

9    *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

10   ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

11   The party appealing the ALJ's decision generally bears the burden of establishing

12   that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

13                    FIVE-STEP SEQUENTIAL EVALUATION PROCESS

14       A claimant must satisfy two conditions to be considered "disabled" within

15   the meaning of the Social Security Act.  First, the claimant must be "unable to

16   engage in any substantial gainful activity by reason of any medically determinable

17   physical or mental impairment which can be expected to result in death or which

18   has lasted or can be expected to last for a continuous period of not less than twelve

19   months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

20   "of such severity that he is not only unable to do his previous work[,] but cannot,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

§ 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

1    Commissioner must find that the claimant is not disabled.  20 C.F.R.

2    § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

3    analysis concludes with a finding that the claimant is disabled and is therefore

4    entitled to benefits.  *Id.*

5        The claimant bears the burden of proof at steps one through four above.

6    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

7    the analysis proceeds to step five, the burden shifts to the Commissioner to

8    establish that (1) the claimant is capable of performing other work; and (2) such

9    work "exists in significant numbers in the national economy."  20 C.F.R.

10   § 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

11                         ALJ'S FINDINGS

12       Plaintiff applied for supplemental security income (SSI) payments on

13   October 24, 2007, alleging an onset date of January 21, 2007.  Tr. 133-39.  Her

14   claims were denied initially and on reconsideration.  Tr. 86-89, 90-92.  Plaintiff

15   filed a timely request for a hearing (Tr. 93-95) and appeared with an attorney at a

16   hearing before an administrative law judge ("ALJ") on February 16, 2010.  Tr. 38-

17   83.

18       The ALJ issued her decision on May 27, 2010, finding that Plaintiff was not

19   disabled under the Act.  Tr. 16-34.  On February 2, 2012, the Appeals Council

20   denied Plaintiff's request for review (Tr. 1-6), making the ALJ's decision the

Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

This is a step 5 case in which the ALJ found Plaintiff was able to perform other jobs existing in significant numbers in the national economy, including assembly, production inspector, hand packer, and packager occupations. Tr. 29-30.

## ISSUES

Plaintiff, Kasey J. Timmons, seeks judicial review of the Commissioner's final decision denying her Title XVI Supplemental Security Income.  Plaintiff has identified two issues for review: (1) whether substantial evidence supports the ALJ's finding of a less limiting psychological condition since the ALJ improperly rejected the opinions of examining physicians (ECF No. 16 at 10), and (2) whether the ALJ properly rejected Plaintiff's symptom testimony (ECF No. 16 at 14).

## DISCUSSION

**A. Step Five, Residual Mental Functional Capacity**

Plaintiff argues that "she is more limited from a psychological standpoint than what was determined by the [ALJ]".  *Id.*   Plaintiff contends the ALJ improperly rejected the opinions of examining physicians (ECF No. 16 at 10).

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted,

an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

Plaintiff recited some of the opinions given by John F. McRae, PhD, in support of her argument. ECF No. 16 at 10. However, examining psychologist McRae opined Plaintiff would be able to remember and carry out at least simple repetitive work tasks in a job setting where she had infrequent contact with the public or coworkers. Tr. 27, 264-270. The ALJ noted this examining source opinion was consistent with the objective evidence, including the results of psychological testing and examination. The ALJ included the limitations assessed by Dr. McRae in the residual functional capacity finding. Tr. 23, 27.

Plaintiff also recited some of the opinions of Patricia Kraft, PhD, in support of her argument. ECF No. 16 at 11. However, medical consultant, Dr. Kraft concluded that Plaintiff was able to work. Tr. 310.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    Plaintiff places particular emphasis on the opinion of Dr. Islam-Zwart, an

2   examining psychologist.  ECF No. 16 at 11-13.  Plaintiff centers on Dr. Islam-

3   Zwart's statement that Plaintiff "is unable to work at this time."  Tr. 394.  Plaintiff

4   argues that three of the reasons given by the ALJ to reject Dr. Islam-Zwart's

5   conclusion are not valid.  First, Plaintiff contends the ALJ rejected Dr. Islam-

6   Zwart's conclusion because it was based on a one-time interview with Plaintiff

7   conducted without the benefit of any treating source medical records.  ECF Nos. 16

8   at 12; 19 at 2.  The ALJ's observation is true however.  Plaintiff only contends

9   other doctors' opinions suffer from the same deficiency and therefore this is not a

10   valid reason to discount Dr. Islam-Zwarts' opinion.  The Court recognizes that the

11   ALJ's observation is valid and finds no legal reason to reject it.

12    Second, Plaintiff contends the ALJ improperly rejected Dr. Islam-Zwart's

13   conclusion because it was made with significant reliance upon Plaintiff's

14   unverified subjective allegations.  ECF Nos. 16 at 13; 19 at 2.  Again, this appears

15   to be a true and valid reason for discounting Dr. Islam-Zwart's conclusion.  Dr.

16   Islam-Zwart's conclusions are contained in the final paragraph of her report at Tr.

17   394.  After Dr. Islam-Zwart admits she did not review any medical records, she

18   proceeds to recount Plaintiff's subjective symptoms at least six times; e.g., "she

19   indicates" – "she describes" – "she reports."  *Id*.  Most telling is that after

20   concluding that Plaintiff cannot work, Dr. Islam-Zwart recommends a "medical

1    evaluation" for Plaintiff "to determine the nature and extent of her physical

2    problems." *Id*. Clearly, Dr. Islam-Zwart was basing her disability determination

3    on Plaintiff's subjective allegations and not on medical evidence.

4         Third, Plaintiff contends the ALJ improperly rejected Dr. Islam-Zwart's

5    conclusion with the boilerplate statement that it was not supported by the record as

6    a whole. ECF Nos. 16 at 13; 19 at 2. Once again the ALJ's statement is supported

7    by substantial evidence in the record and is not the only basis for rejecting Dr.

8    Islam-Zwart's conclusion. Dr. Islam-Zwart's conclusion is a qualified opinion, not

9    an unqualified finding of disability. First, Dr. Islam-Zwart did not have the benefit

10   of any medical records so she recommended a medical evaluation. Tr. 394.

11   Second, Dr. Islam-Zwart recommended Plaintiff abstain from using controlled

12   substances. *Id*. Third, Dr. Islam-Zwart recognized that Plaintiff's ability to work

13   "seems largely dependent upon her physical health, although her psychiatric

14   difficulties undoubtedly exacerbate her situation." *Id*. These statements obviously

15   caused the ALJ to discount Dr. Islam-Zwart's conclusion that she was "unable to

16   work at this time" because that conclusion "pertains to vocational issues that are

17   outside Dr. Islam-Zwart's professional expertise as a clinical psychologist."

18   Tr. 27. It is clear that if Plaintiff's ability to work was dependent on her physical

19   health and Dr. Islam-Zwart knew nothing objective about Plaintiff's physical

20   health, her opinion could properly be discounted.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

B. **Plaintiff's Symptomatology Testimony**

Plaintiff's contends that the ALJ did not properly reject her testimony that her impairments were more debilitating than that found by the ALJ to be her residual functional capacity. ECF No. 16 at 14-15. Specifically, she contends she was unable to stand, sit, or walk for very long periods of time (Tr. 59), could only walk two blocks before she felt she was going to collapse (Tr. 59) and avoided climbing stairs at all costs (Tr. 71).

A claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 416.908. A claimant's statements about his her symptoms alone will not suffice. 20 C.F.R. §§ 416.908; 416.929(a). Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. §416.929(b), the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings

sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

The ALJ found that Plaintiff's allegations were inconsistent with the objective medical evidence; that Plaintiff's work history suggested a lack of motivation; that Plaintiff has made inconsistent statements concerning her illegal drug usage; that Plaintiff's medications controlled her symptoms; that Plaintiff failed to seek more than sporadic treatment; and that Plaintiff's allegations were inconsistent with her activities (Tr. 24-26).

The ALJ recounted in detail the objective medical evidence established by the various treating and examining physicians (Tr. 25-26) and then reasonably concluded "nothing in the aforementioned objective findings support the claimant's allegations of total incapacity to work." Tr. 26. The Court has reviewed the record and agrees that substantial evidence supports the ALJ's conclusion.

Substantial evidence also supports the ALJ's discounting Plaintiff's credibility based on her inconsistent reports of illegal drug use, which directly bears upon her character for truthfulness.

In March 2008, Plaintiff reported to her primary care physician that she had been swimming (Tr. 335) and walking 17 blocks, two to three times a week. Tr. 336. As the ALJ properly observed, Plaintiff's primary care physician encouraged this activity, which is also inconsistent with the allegation of total disability. Tr. 24.

Having thoroughly reviewed the record, the Court concludes that the ALJ supported his adverse credibility findings with specific, clear and convincing reasons which are supported by substantial evidence. As the ALJ appropriately recognized, the record demonstrates that Plaintiff's physical and mental impairments, while genuine, are not so severe as to preclude her from performing

light duty work with appropriate limitations.  Accordingly, the Court grants summary judgment in Defendant's favor.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

3. The hearing set for February 7, 2014, is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** March 8, 2013.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14